UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| ADRIAN KENDAL, | Case No. 3:25-cv-00122-AR |
| Plaintiff, | **ORDER** |
| v. | |
| HANKOOK TIRE AMERICA CORPORATION; HANKOOK TIRE & TECHNOLOGY CO., LTD.; LES SCHWAB TIRE CENTERS INC. (Les Schwab of Oregon & Idaho); LES SCHWAB WAREHOUSE CENTER, INC., dba Les Schwab Tire Centers, | |
| Defendants. | |

**ARMISTEAD, United States Magistrate Judge**

Plaintiff Adrian Kendal alleges that this court has original subject matter jurisdiction based on ORS § 30.900. (Civil Cover Sheet, ECF 5.) That state statute cannot, however, provide this court with subject matter jurisdiction. 28 U.S.C. § 1331 (stating district courts have subject matter jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States," such as federal statutes). The court may have jurisdiction on a different basis. 28 U.S.C.

§ 1332 gives district courts subject matter jurisdiction where the "amount in controversy exceeds $75,000" and is a dispute between "citizens of different states." 28 U.S.C. § 1332(a)(2). Kendal seeks damages of $5 million, satisfying the amount in controversy. Kendal also provides a Washington address and alleges that defendant Hankook Tire America Corporation is a South-Korean-based tire manufacturer and that defendant Les Schwab Tire Centers is an Oregon corporation. (Compl. at 2, 27, ECF 1.) Those allegations suggest that the parties may be citizens of different states yet are insufficient for this court to confirm this court's subject matter jurisdiction.

A case in federal court based on diversity of citizenship requires a disclosure statement from each party that names and identifies the citizenship of that party, or entity whose citizenship is attributed to that party, at the time the complaint is filed (or, if applicable, when the case was removed to federal court). FED. R. CIV. P. 7.1(a)(2)[1]; *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004) (holding diversity of citizenship is measured at the "time of filing"); *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002) ("[W]e start with

---

[1]  Federal Rule of Civil Procedure 7.1(a)(2) provides:

(2) Parties or Intervenors in a Diversity Case. In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor:

(A) when the action is filed in or removed to federal court, and

(B) when any later event occurs that could affect the court's jurisdiction under § 1332(a).

the core principle of federal removal jurisdiction on the basis of diversity—namely, that it is determined (and must exist) as of the time the complaint is filed and removal is effected.").

For individuals, citizenship is determined by a person's "domicile," which is the home where she resides *with* the intention to remain or to which she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Although Kendal alleges that she is a Washington resident, she also alleges that she is "in the process of purchasing a home and relocation back to either the east coast or Midwest." (*Id.*) To comply with Rule 7.1(a)(2), Kendal must provide a disclosure statement that provides her state of domicile on January 23, 2025, the date she filed this action.

For a corporation, citizenship is determined by its state of incorporation *and* its principal place of business. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."). A corporation's principal place of business is its "nerve center," which is not necessarily its headquarters. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) ("[I]n practice [the 'nerve center'] should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination.").

On May 22, 2025, Hankook Tire America Corporation (HTAC) filed an Answer and Affirmative Defenses (ECF 23) and a Corporate Disclosure Statement (ECF 24) that provide somewhat conflicting information and do not comply with Rule 7.1(a)(2). In HTAC's Corporate Disclosure Statement, it says that it "is a wholly owned subsidiary of Hankook Tire & Technologies Co., Ltd, a Korean Corporation." (ECF 24.) In its answer, however, HTAC "denies

Page 3 –ORDER
*Kendal v. Hankook Tire Am. Corp.*, 3:25-cv-00122-AR

that it is a South Korea-based tire manufacturer" and admits that "it is a New Jersey corporation headquartered in Tennessee." (Ans. ¶ 1.3, ECF 23.) Even if HTAC is asserting that it is incorporated in New Jersey, it does not state where its principal place of business—its "nerve center"—is located for purposes of Rule 7.1(a)(2).

Additionally, as discussed at the telephone status conference on May 28, 2025, to aid the court with assessing jurisdictional issues, any noncorporate entities (including defendants Les Schwab of Oregon & Idaho and Les Schwab Tire Centers who are identified as limited liability companies in their Corporate Disclosure Statement (ECF 25)) must comply with Local Rule 7.1-1. That rule provides:

> In diversity actions, any party, intervenor, or proposed intervenor that is a limited liability company (LLC), a limited liability partnership (LLP), a limited partnership (LP), or a partnership must, in the disclosure statement required by Fed. R. Civ. P. 7.1, list those states from which the owners/members/partners of the LLC, LLP, LP, or partnership are citizens. If any owner/member/partner of the LLC, LLP, LP, or partnership is another LLC, LLP, LP, or partnership, then the disclosure statement must also list those states from which the owners/members/partners of the LLC, LLP, LP, or partnership are citizens.]

LR 7.1-1. The Ninth Circuit has held that, "like a partnership, an LLC is a citizen of every state of which its owners/members/partners are citizens." *Johnson v. Columbia Props. Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006). Although the disclosure must identify the state for which any owner/member/partner is a citizen, it need not disclose the names of any owner/member/partner, nor does it need to indicate the number of owners/members/partners from a disclosed state. LR7.1-1 (practice tip).

Each party must file a disclosure statement that complies with FRCP 7.1(a)(2) and LR 7.1-1 (as appropriate) by June 16, 2025.[2]

DATED: May 30, 2025.

                                                          JEFF ARMISTEAD
                                        United States Magistrate Judge

---

[2] This deadline for the LR 7.1-1 disclosure supersedes the court's May 28, 2025 order that required disclosure by June 4, 2025.

Page 5 –ORDER
*Kendal v. Hankook Tire Am. Corp.*, 3:25-cv-00122-AR