UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ADRIAN KENDAL,

                    Plaintiff,

     v.

HANKOOK TIRE AMERICA
CORPORATION; LES SCHWAB OF
PORTLAND, LLC; LES SCHWAB OF
IDAHO, LLC, *collectively dba* LES
SCHWAB TIRE CENTER, INC.,

                    Defendants.

Case No. 3:25-cv-00122-AR

**OPINION AND ORDER DENYING**
**MOTIONS TO COMPEL**

---

**ARMISTEAD, United States Magistrate Judge**

      Plaintiff Adrian Kendal, representing herself, moves to compel defendants Hankook Tire

America Corporation, Les Schwab of Portland, and Les Schwab of Idaho to respond to

interrogatories, requests for production, and to make deponents available for deposition. (ECF

39, 43, 62.) Defendants respond that her discovery requests are premature because she has

refused to confer as required by Federal Rule of Civil Procedure 26. In their responses to

Page 1 – OPINION AND ORDER DENYING MOTIONS TO COMPEL
*Kendal v. Hankook et al.*, 3:25-cv-00122-AR

Kendal's motions, defendants seek the court's assistance, asking that a Rule 26 conference be conducted in person and with court supervision to craft an appropriate discovery plan. Also requested by defendants is that the court discuss the permissible scope of discovery during that Rule 26 conference.

On November 19, 2025, the court held oral argument on Kendal's motions. As explained below and as stated on the record, Kendal's motions to compel discovery are DENIED and defendants' request for a court supervised Rule 26 conference is GRANTED in part.

**FACTUAL AND PROCEDURAL BACKGROUND**

Kendal alleges that on September 7, 2024, she was driving her 2011 Honda Civic to the Midwest and stopped at Les Schwab in Hood River, Oregon to put air in her tires. (Am. Compl., ECF 37 at 6-7.) The Les Schwab technician assisting Kendal informed her that she needed to replace all four tires on her car. Kendal replaced the tires as recommended. (*Id.* at 7.)

On November 5, 2024, while traveling in Idaho on Interstate 84 westbound, Kendal's car started shaking and as she was attempting to pull over, the car propelled forward. She managed to pull over to the right-hand shoulder. Kendal was upset, but not physically injured. (*Id.* at 10.) Inspecting the car revealed that the rear wheel on the passenger side exploded and had split in half. (*Id.*) A good Samaritan helped Kendal change the damaged tire, and Kendal drove to a Les Schwab in Twin Falls, Idaho. (*Id.*) Kendal insisted that her damaged tire (still under warranty) be repaired or replaced and that the three other tires be inspected. Les Schwab did so and told her that the other three tires were "in exceptionally great condition." (*Id.*, ECF 37-1 at 1.)

The next day, November 6, Kendal again was driving westbound on I-84 in Umatilla County, Oregon, when her car started violently shaking, abruptly propelled forward, slammed

Page 2 – OPINION AND ORDER DENYING MOTIONS TO COMPEL
*Kendal v. Hankook et al.*, 3:25-cv-00122-AR

into a dirt hill on the right-hand shoulder, and then flipped onto its side, suspending Kendal from her seatbelt. (*Id.* at 2-3.) During the crash, Kendal was knocked against the passenger seat and driver's side door, sustaining injuries. Kendal's dog, who was traveling with her, was in the passenger seat at the time of the accident. (*Id.* at 3.) Kendal contacted her insurance company, PEMCO Insurance, to inform it of the accident. (*Id.*, ECF 37-2 at 3-4.) She also learned that Hankook manufactured the tires she purchased from Les Schwab. (*Id.*) (PEMCO released the tires and wheel to Les Schwab.) (ECF 37-2 at 6.)

On January 23, 2025, Kendal filed this action bringing three claims against defendants: (1) strict products liability, ORS § 30.920; (2) negligence; and (3) breach of warranty of merchantability and fitness. (*Id.* at 7-10.) She seeks $5 million for her damages and emotional distress, plus punitive damages, fees, and expenses. (*Id.*, ECFs 37-2 at 10—37-3 at 1.) The complaint incorrectly identified the Les Schwab defendants as Les Schwab Tire Centers Inc. and Les Schwab Warehouse Center, Inc. (Traylor Decl. Ex. 3, ECF 71-3 at 1.)

On April 7, Kendal sent Les Schwab defendants her First Set of Interrogatories and Requests for Production (RFP) (Pl.'s Mot. Compel, ECF 43.) Les Schwab defendants provided Kendal with its Objections by email on May 9, contending that they were not required to respond because they had not been properly served and that they previously filed a motion to dismiss on that basis on April 25. (Traylor Decl. Ex. 2, ECF 71-2; Mot. to Dismiss, ECF 13.) A few days later, Kendal filed a motion to compel against Les Schwab. (Mot. Compel, ECF 18.)

The court conducted a telephone status conference on May 28. At that conference, Les Schwab defendants reported that Kendal properly served the correct Les Schwab entity after its motion to dismiss was filed and withdrew that motion on service grounds. (Minutes of

Page 3 – OPINION AND ORDER DENYING MOTIONS TO COMPEL
*Kendal v. Hankook et al.*, 3:25-cv-00122-AR

Proceedings, ECF 26.) The court discussed its concerns about Les Schwab defendants' disclosure

statement and directed them to file a disclosure statement that complied with Local Rule 7.1-1.

(*Id.*) Additionally, the court struck Kendal's motion to compel because she failed to comply with

Local Rule 7-1, which requires that all parties confer in good faith before filing any motion and

include a certification stating that they have done so. (*Id.* at 26.)

Soon after, Les Schwab defendants requested permission to file the required disclosure

statement under seal. (Mot. to File Under Seal, ECF 30.) The court scheduled a telephone status

conference for July 17 to discuss the matter.

On June 9, Kendal emailed Hankook her First Set of Interrogatories and Request for

Production. (Knottnerus Decl. Exs 1-2, ECFs 65-1, 65-2; Pl.'s Mot. Compel, ECF 39.) Kendal

then moved to file an amended complaint. (Am. Mot. to Leave to File an Am. Compl., ECF 37.)

On July 9, Hankook emailed its objections and responses to her discovery requests, in which it

stated that the requests were premature because the parties had not yet conferred and developed a

case management schedule and discovery plan as required under Rule 26(d)(1). (*Id.* Ex. 3, ECF

65-3.) On July 15, Kendal filed a motion to compel against Hankook. (Mot. Compel, ECF 39.)

Two days later, July 17, the court held a telephone status conference to discuss the

parties' pending motions: Les Schwab defendants' motion to file the disclosure statement under

seal (ECF 30); Kendal's motion to amend the complaint (ECF 37); and Kendal's motion to

compel discovery (ECF 39). (Minutes of Proceedings, ECF 41; Knottnerus Decl. Ex. 11, ECF

65-11.) At that conference, defendants stated they did not oppose Kendal's motion to amend her

complaint, and the court granted that motion. Les Schwab defendants agreed to file a disclosure

statement as directed by the court; the court also permitted Kendal to file an additional response

to Les Schwab defendant's motion. (Minutes of Proceedings, ECF 41.) Kendal objected to

discussing her motion to compel. (*Id.*) Kendal stated that she felt she was not being heard by

defendants or the court, that the court was biased against her, and she asked that the action be

reassigned. The court informed Kendal that requests for recusal must be accomplished by filing a

formal motion. (*Id.*) She filed a motion to reassign the case after the hearing. (Mot. Reassign

Case, ECF 40.) The next day, she filed an amended motion to compel, stating that she wanted to

include Les Schwab defendants in her earlier-filed motion to compel against Hankook. (Am.

Mot. Compel, ECF 43.)

The following week, on July 25, Kendal requested that depositions of individuals from

Les Schwab be scheduled for August 29 and September 1. (Pl.'s Mot. Am./Compel, ECF 62 at

10—62-1 at 1.)

On July 31, District Judge Michael J. McShane denied Kendal's motion to disqualify.

(Order, ECF 48.) Kendal immediately filed an appeal to the Ninth Circuit Court of Appeals.

(Notice of Appeal, ECF 49.) Considering Kendal's appeal, the court held her motions to compel

in abeyance until after the Ninth Circuit issued a ruling. (Order, ECF 50 (citing motions ECF 39

& 43).) The Ninth Circuit dismissed Kendal's appeal for lack of jurisdiction on August 29.

(Order, ECF 55; Mandate, ECF 58.) Kendal filed an objection, contending that the undersigned

became hostile towards her, and asked that the Ninth Circuit review the transcript of the July 17

hearing. (Objection Appeal, ECF 56.) Also filed by Kendal in early September was a Supplement

entitled Conduct Complaint in which she contends that Les Schwab's attorney, Mr. Traylor, has

contacted PEMCO and has attempted to get PEMCO to file a subrogation claim that would

preclude her from moving forward with this lawsuit. (Supplement, ECF 57 at 5.) On September 22, the Ninth Circuit issued a mandate dismissing Kendal's appeal. (ECF 58.)

With Kendal's appeal resolved, the court set a briefing schedule for her two pending motions to compel. (ECFs 39, 43; Order, ECFs 59, 60.) A few days later, on September 25, Hankook's attorney, Mr. Knottnerus, emailed Kendal to schedule a Rule 26 conference. (Knottnerus Decl. Ex. 12, ECF 65-12 at 1.) Knottnerus wrote that Rule 26 requires the parties to confer and develop a discovery plan before discovery is conducted, not after as she stated in her motions to compel. (*Id.*) Kendal responded that she continues to disagree with his position on Rule 26, yet she would make herself available for a phone conference, and that she wanted her interrogatories answered. (*Id.* Ex. 13, ECF 65-13 at 1.) Knottnerus replied that he and Les Schwab attorneys were available either October 3 or October 6; Kendal agreed to meet October 3. (*Id.* Exs. 14-15, ECFs 65-14 & 65-15.)

The next day, September 26, Knottnerus informed Kendal and Traylor that he would be recovering from surgery on October 3, and asked if they remained available October 6. (*Id.* Ex. 19, ECF 65-19.) Kendal responded: "Yes!"; Traylor also confirmed his availability. (*Id.* Exs. 20-21, ECFs 65-20 & 65-21.) Knottnerus thanked both parties and stated that he would send the call-in number after his assistant set up the conference call. (*Id.* Ex. 22, ECF 65-22.)

On September 30, Kendal emailed the parties and stated that at the conference, she wanted them to produce documents and information, including:

> all professional training, hire dates, experiences, annual evaluations, drug tests and psychological evaluations for all staff who made contact with the tires that was installed on plaintiff's vehicle (including CEOs, the engineer who designs and develops the tires). The psychological evaluation is to assess if the CEOs and staff

have homicidal, psychopathic or terroristic proclivities (or sadists who derive pleasure from causing/inflicting pain on the public).

Please provide the types of software such as CAD/CAE that are used to design and develop the tires. I will need to know who tests the softwares, how often they are tested and repaired/replaced. I will also need to drug test these individuals.

In the past, Hankook had admitted to manufacturing defective tires, please provide records to illustrate what Hankook has done since then to mitigate this problem, and the number of consumers who have filed complaints then and concurrently. Provide records to demonstrate how Hankook and Les Schwab have handled these warranty claims etc. How many deaths have Hankook and Les Schwab caused resulting from tire defects?

For the staff that work in the quality assurance department, I need drug tests, psychological evaluation and professional training/education for both Les Schwab and Hankook.

I need all emails and phone records of calls to PEMCO insurance to get them to file a subrogation claim. I do intend on subpoenaing both of you regarding bullying and mockery (including gaslighting to correct some of your methods that you employed) tactics to intentionally inflict emotional distress. Agencies that you are working with to attempt to sabotage this pending case.

(*Id.* Ex. 23, ECF 65-23.)

A few days before the scheduled Rule 26 conference, on October 3, Knottnerus emailed

Kendal with information about the conference. That information included that Hankook had

"made arrangements with an independent Court Reporter (Esquire) to attend to record and

transcribe our discussions and to document all those present." (*Id.* Ex. 24, ECF 65-24.) He

described what attorneys would be joining the conference for Hankook, provided instructions for

accessing the conference by phone or videoconference, and he attached a "DRAFT Rule 26

Report which outlines the various topics we need to address and include in our report to the

Court following the Conference. We intend to use this document to guide our discussions." (*Id.*)

Moments later, Knottnerus emailed Kendal with the draft Rule 26 report because he forgot to include it as an attachment to his previous email. (*Id.* Ex. 25, ECF 65-25.) The draft report identifies discovery that Kendal seeks from defendants by email (quoted above) and in her discovery requests. Also identified in the draft report is discovery that defendants seek from Kendal, including but not limited to her medical records documenting her physical and emotional injuries that she alleges resulted from the accident and any treatment she has received; documents concerning her employment history; tax records; witnesses; insurance information; investigations of the accident; and documents relating to the car. Defendants also indicated they would seek an independent medical examination of Kendal. (*Id.* Ex. 26, ECF 65-26.) Case management deadlines, privilege issues, electronically store information, and anticipated trial dates and length also were outlined in the draft report. (*Id.*)

About 15 minutes later, Kendal replied to defendants with the following:

> First, I don't know what manipulative tactics you are attempting to employ on behalf of your clients; however, the purpose of the meeting that was scheduled for Oct 6th, is for me to get the requested documents that I had previously requested (and which you have failed to complete). You started out by requesting a meeting to discuss the requested documents, now you are requesting a deposition. Regarding my medical records and privacy information (I have informed the court due to (what was demonstrated on July 17th) due to discrimination that Black women face in the medical department, I am taking natural remedies to address my symptoms that are a direct result from the defective tires. In addition, I live in WA; therefore, there is a scarcity of Black therapists that specialize in PTSD as a result of HTAC manufacturing and Les Schwab installing defective tires that resulted in the car accident.

> Since you are being manipulative and changing the intention of the meeting, I will not provide any HIPPA information. In addition, I have no intention of attending the meeting on Oct 6th, since you have decided to turn the meeting into your personal deposition without requesting and properly informing me of your intentions. In addition, I did not prematurely inform the discovery information (since discovery starts when the case is filed and the Defendants are served);

therefore, I prefer to have the court make the decision based upon the motion that I filed. You presumed that since I am pro se, you can manipulate and play mind games; however, you have a conduct code that you should be following.

(*Id.* Ex. 27, ECF 65-27.) Defendants appeared at the previously scheduled time for the Rule 26 conference on October 6; Kendal did not appear. (*Id.* Ex. 28, ECF 65-28 at 4-5.)

Later that day, Kendal filed her third motion to compel, entitled Motion for Leave, in which she asked to amend and supplement her earlier motions to compel.[1] (Mot. to Amend/Compel, ECF 62 at 1.) In that motion, Kendal contends that Knottnerus and Traylor have engaged in misconduct, and "have employed manipulative and haughty conducts to get this case dismissed and suppress evidence and witnesses." (*Id.* at 2.) Kendal repeats her assertion that "Traylor is attempting to get PEMCO to file a subrogation claim to preclude [Kendal] from moving forward with her lawsuit." (*Id.* at 6.) According to Kendal, Traylor "emailed her (Plaintiff) on Juneteenth to possibly make a mockery and harass[ ] her (Plaintiff) regarding a black holiday (despite discussing it with Plaintiff two days prior to 19th the case and providing the same document weeks prior)." (*Id.* at 8-9.) As support, Kendal cites an email from Traylor stating that she needed "to name the correct Les Schwab parties" in an amended complaint, and that Les Schwab "would be happy to respond to your discovery requests to the extent they comply with the rules." (*Id.* at 9.) Also asserted by Kendal is that Knottnerus is engaging in "patronizing behavior" when he rescheduled the October 3 meeting to October 6, and that he intended to inflict emotional distress when he attempted to "turn the conference meeting that he requested into a deposition." (*Id.*, ECF 62-1 at 5-6.)

---

[1]    At oral argument, Kendal stated that her third motion supplemented her previous two motions and was intended to include her requests for depositions.

The court, having denied Kendal's request to appear by videoconference, scheduled and held oral argument on her three motions to compel.[2] (Scheduling Order, ECF 67; Order, ECF 69.)

## LEGAL STANDARD

Under Rule 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Courts construe Rule 26(b)(1) "broadly." *Roberts v. Legacy Meridian Park Hosp., Inc.*, 299 F.R.D. 669, 671 (D. Or. 2014). The court has discretion to limit discovery under Rule 26(b)(2)(C):

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed . . . if it determines that . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1).

And Rule 26(d)(1) provides that "[a] party may not seek discovery from any source *before* the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." FED. R. CIV. P. 26(d)(a) (emphasis added).

When a party fails to provide requested discovery that falls within the scope of Rule 26(b)(1), Rule 37(a)(1) allows the requesting party to "move for an order compelling disclosure

---

[2]    After the November 19 hearing, Kendal filed an affidavit detailing her experience and views of the in-person hearing. (ECF 74.) The court takes seriously and is considering her concerns that she was treated with less than dignity and respect by courthouse employees.

or discovery." *Roberts*, 299 F.R.D. at 671 (quoting FED. R. CIV. P. 37(a)(1)). The party seeking to

compel discovery has the burden of establishing that its requests are relevant under Rule

26(b)(1). *Sarnowski v. Peters*, No. 2:16-cv-00176-SU, 2017 WL 4467542, at *2 (D. Or. Oct. 6,

2017). If a party objects to a discovery request, it is the burden of the party seeking discovery on

a motion to compel to show why the objection is not justified. *Weaving v. City of Hillsboro*, No.

CV-10-1432-HZ, 2011 WL 1938128, at *1 (D. Or. May 20, 2011).

## DISCUSSION

### A.    *Motions to Compel (ECFs 39, 43, 62)*

Kendal contends that defendants' responses to her interrogatories and requests for

production are untimely and inadequate. Also argued by Kendal is that defendants failed to make

deponents available on August 29 and September 1. Kendal relies on Rule 26(a) and Local Rule

33 to support her contention that she is permitted to conduct discovery before a discovery

conference with defendants. According to Kendal, Rule 26(f) is the last part of the discovery

phase, and requires that parties confer about evidence they intend to present at trial. (Pl.'s Mot.

Compel, ECF 39 at 2.) The court disagrees and her motions to compel are denied for two

reasons.

First, as defendants correctly argue, Rule 26(a)(1) governs the *content* of initial

disclosures, and Rules 30, 33, and 34 govern depositions, interrogatories, and requests for

production respectively. Yet it is "Rule 26(d)(1) that governs the *timing* of discovery." *S.P. v.*

*County of San Bernadino*, No. EDCV 19-1897-JGB-KKx, 2020 WL 4335375, at *3 (C.D. Cal.

May 13, 2020) (emphasis added). The plain text of Rule 26(d)(1) provides that Kendal may not

"seek discovery from any source *before* the parties have conferred as required by Rule 26(f)."

Turning to Rule 26(f)(1), it requires that the parties "confer as soon as practicable" unless court orders otherwise. And although Rule 26(d)(2) allows requests for production of documents under Rule 34 to be *delivered* early, Rule 26(d)(2)(B) specifically provides that they are not "considered to have been *served*" until the first Rule 26(f) conference is conducted. FED. R. CIV. P. 26(d)(2)(B) (emphasis added). In other words, the 30-day window to respond to document requests does not begin to run until a Rule 26 conference has taken place. FED. R. CIV. P. 26(d)(2) ADVISORY COMMITTEE NOTES 2015 AMENDMENT (stating that Rule 26(d)(2) was added to "facilitate focused discussion during the Rule 26(f) conference" and that "[d]elivery "does not count as service").

The parties here had not conducted a Rule 26 conference before Kendal sent the interrogatories and discovery requests in April and June or requested depositions in July. Additionally, the court did not authorize—nor did the parties agree to—early discovery, and the case does not fall within any of the Rule 26(a)(1)(B) exceptions. A court may find good cause for early discovery when its need, "in consideration of the administration of justice, outweighs the prejudice to the responding party." FED. R. CIV. P. 26(d)(2); *Roadrunner Intermodal Servs., LLC v. T.G.S. Transp., Inc.*, No. 1:17-cv-01056-DAD-BAM, 2017 WL 3783017, at *3 (E.D. Cal. Aug. 31, 2017) (discussing factors determining good cause). Kendal does not address or establish that early discovery is warranted here.

Consequently, the court concludes that defendants' objections stating that Kendal's requests were premature because a Rule 26(f) conference had not yet occurred were justified and their responses were not untimely or inadequate. *Roberts v. Randy LL Corp.*, No. 3:24-cv-00523-HZ, 2024 WL 5168363, *3 (D. Or. Dec. 19, 2024) (concluding responses to requests for

admission that were served before Rule 26 conference were not untimely); *Beton-Flores v. Santa Barbara Unified Sch. Dist.*, No. 2:19-cv-06424-JFW-SP, 2022 WL 2189532, at *1 (C.D. Cal. Jan. 24, 2022) (finding discovery requests served before Rule 26 conference were improper because they were not authorized by court or rules of procedure), *aff'd* 2024 WL 813467, at *1 (9th Cir. Feb. 27, 2024). For the same reasons, defendants were not required to make individuals available for depositions. *See* FED. R. CIV. P. 30(a)(2)(iii) (stating that parties must obtain court permission or parties must agree to take depositions "before the time specified in Rule 26(d)"); *Boxabl Inc. v. Tassev*, No. 2:23-cv-00760-CDS-MDC, 2024 WL 5055860, at *2 (D. Nev. Dec. 10, 2024) (stating that Rule 30 is clear that depositions cannot occur before Rule 26 conference unless ordered by court or parties so stipulate). Kendal's motions to compel are denied.

Second, none of Kendal's motions comply with Local Rule 7-1 that requires "the first paragraph of every motion" to certify that "the parties made a good faith effort through personal or telephone conferences to resolve the dispute and have been unable to do so." LOCAL RULE 7-1(a)(1). "The Court may deny any motion that fails to meet this certification." LOCAL RULE 7-1(a)(3). And, under Local Rule 26-3(g), "[t]he Court will deny any discovery motion that does not contain the certification required by [Local Rule] 7-1(a)." Although Kendal is representing herself, as the court has cautioned her, she must comply with all applicable rules, including Local Rule 7-1. (LS Defs.' Resp. at 3-4, ECF 70; Minutes of Proceedings, ECF 26.) Accordingly, Kendal's failure to comply with the court's local rules provides another basis for denying her motions to compel.

**B.     *Defendants' Request for the Court to Conduct an In-Person Rule 26 Conference***

Kendal accuses defendants' attorneys of gaslighting, manipulation, distorting facts, impeding her access to evidence, and improperly coordinating with her insurance company with the purpose of interfering with her lawsuit. (Pl.'s Resp., ECF 66 at 7.) She further contends that the undersigned is biased and has "engaged in the same behavior." (*Id.* at 9; *see also* Pl.'s Resp., ECF 72.)

The email exchanges Kendal identifies to support those contentions do not, however, reveal unethical or inappropriate behavior by Knottnerus or Traylor. Instead, they reveal that they have conferred in good faith and have attempted to conduct the Rule 26(f) conference as required. As argued by defendants, having a court reporter present for the Rule 26(f) conference would benefit all parties in the event of a misunderstanding. Accordingly, defendants' request for a court-supervised Rule 26 conference is granted in part; defendants' request that the conference be conducted in person is provisionally denied. As stated on the record at the hearing, the court's courtroom deputy will reach out to the parties by email to schedule a mutually agreeable time to conduct the Rule 26 conference by videoconference with a court reporter present. If conducting the conference by videoconference becomes unworkable, the court will require the parties to appear in person.

\\\\\

\\\\\

\\\\\

\\\\\

\\\\\

\\\\\

## CONCLUSION

For the above reasons, Kendal's Motions to Compel (ECFs 39, 43, 62) are DENIED.

Defendant's request for a court-supervised Rule 26 conference is GRANTED in part.

DATED: November 21, 2025.

 

 

_____
JEFF ARMISTEAD
United States Magistrate Judge

Page 15 – OPINION AND ORDER DENYING MOTIONS TO COMPEL
*Kendal v. Hankook et al.*, 3:25-cv-00122-AR